**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-7319

VARIANCE KEITH REYNOLDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-90-54, CA-95-278-6)

Submitted: June 10, 1997

Decided: July 30, 1997

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Variance Keith Reynolds, Appellant Pro Se. Paul Alexander Wein-
man, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Variance Reynolds appeals from the district court's order adopting the magistrate judge's recommendation to deny relief on his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) motion in which he raised three claims: (1) that his attorney was ineffective for failing to call certain witnesses at trial; (2) that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c) (1994); and (3) that the district court improperly enhanced his sentence for having a leadership role, United States Sentencing Commission, Guidelines Manual (Nov. 1989). Our review of the record and the district court's order adopting the magistrate judge's recommendation with respect to claims (1) and (3) discloses no reversible error. Accordingly, we affirm the denial of relief as to those claims on the reasoning of the district court. United States v. Reynolds, Nos. CR-90-54; CA-95-278-6 (M.D.N.C. July 23, 1996).

Reynolds filed his § 2255 motion on April 20, 1995. After the government had responded, but while the case was still pending with the magistrate judge, the Supreme Court decided Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), which narrowed the definition of "use" of a firearm for purposes of § 924(c). Reynolds wrote to the district court within two weeks of the Bailey decision, asking the court to consider the case in support of his second claim.[1] The magistrate judge recommended that Reynolds' claim under Bailey be dismissed for failure to raise it in his original motion, while noting that Reynolds could file a second § 2255 motion to raise this claim. The district court adopted the magistrate judge's recommendation.

Because Reynolds may be precluded from filing a successive § 2255 motion,[2] we vacate the district court's order with respect to

_____

[1] Originally, Reynolds claimed that the evidence was insufficient to support his § 924(c) conviction because the Government had not shown that the weapon was capable of firing.

[2] See 28 U.S.C.A. §§ 2241, 2244 (West 1994 & Supp. 1997), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

2

claim (2) and remand with instructions to address Reynolds' claim in light of the Supreme Court's <u>Bailey</u> decision. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED AND REMANDED IN PART</u>

3